UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　v.<br>AK SCIENTIFIC INC,<br>　　　　Defendant. | Case No. 17-cr-00091-JD-2<br><br>**ORDER RE MOTION TO RESTRICT ACCESS TO DEFERRED PROSECUTION AGREEMENT**<br><br>Re: Dkt. No. 27 |

　　　The indictment in this case charges defendant AK Scientific, Inc., and its founder, Peiwen Zhou, with shipping hazardous and toxic materials under false labels over a period of several years. Dkt. No. 1. AK Scientific and the government signed a deferred prosecution agreement ("DPA") that will result in the dismissal with prejudice of the charges if AK Scientific satisfies a number of conditions. AK Scientific asks that the DPA be filed in the docket as "restricted," which means it would be available to the public only in-person at the Clerk's Office and not online through PACER/ECF. Dkt. No. 27.

　　　The Court approved the DPA but expressed concern about any restriction on the public's access to it. Dkt. No. 24. In response, AK Scientific contends that "easy access" to the DPA could hurt its business. It says that DPAs should be treated like plea agreements, which are routinely filed as restricted in this district. Dkt. No. 27 at 3. The government took no position on the request but noted that the case has already "garnered significant attention" and that making the DPA available electronically consequently "may have little additional impact." Dkt. No. 28.

　　　AK Scientific's request is declined. The public's right of access to criminal proceedings is a hallmark of our criminal justice system. That includes access to the documents filed in a criminal case. *See United States v. Guerrero*, 693 F.3d 990, 1001 (9th Cir. 2012). To be sure,

some restrictions may be appropriate to ensure a fair trial or serve other ends of justice, *id*. at 1001-02, but those considerations are not present here.  AK Scientific's concern about potential business impacts is mainly speculative, and the government's skepticism about further effects in an already publicized prosecution is well taken.  The analogy to a plea agreement is not apt.  A major reason those agreements are not available electronically is to reduce risk to inmates housed in correctional facilities, who may be victimized by other prisoners on the basis of information in the agreements.  That factor is not in play with this corporate defendant.

**IT IS SO ORDERED.**

Dated: January 16, 2018

JAMES DONATO
United States District Judge